GEORGE W. CASSIDY AND OTHERS, RESPONDENTS, *v.* WILLIAM J. SCHEDEL AND OTHERS, APPELLANTS.

*Sureties — extension of time — when liability not affected by.*

An action having been commenced to foreclose a mortgage upon premises in the possession of the mortgagor, a bond was, on the 28th of November, 1873, given by him with two sureties, conditioned for the payment by him of a monthly rent of $1,500, payable on the first of December and on the first of each succeeding month.   On the 24th of January, 1874, an agreement was made by which he withdrew his answer in the foreclosure action and agreed that judgment might be taken on May 16, 1874.

In an action to recover the installments falling due December first and January first, the sureties claimed that the time of payment had been extended without their consent, and that they were thereby released. *Held*, that as the installments were due at the time the agreement was made, and as it related only to the mortgage debt itself, that their liability was in no way affected thereby.

APPEAL from judgment in favor of the plaintiff, entered upon the verdict of a jury.

*William Hildreth Field,* for the appellants.

*Blumenstiel & Ascher,* for the respondents.

Daniels, J.:

The recovery in this action was for two monthly installments of $1,500 each, besides interest, payable upon a bond executed by the defendants appealing, as sureties for William J. Schedel. He was in the occupation of premises affected by a mortgage in process of foreclosure, and on motion he was required to give security by a bond of the nature of the one in suit, for the payment of an occupation rent in monthly payments, and to comply with the terms of the order, he as principal, and the appellants as his sureties, executed and delivered the bond on which the action was prosecuted. The bond bore date on the 28th of November, 1873, and the monthly payments matured by its terms on the first day of each month, commencing with the succeeding month of December. On the 22d day of January, 1874, after both installments had become due a stipulation was entered into in the foreclosure case, by which the answer of the defendant Schedel was withdrawn, and the plaintiffs allowed to perfect their judgment in the case on the 16th of May, 1874. This may have resulted in an extension of the time of payment of the mortgage debt, and upon the theory that it did, and they were discharged in consequence of it, the sureties in the bond defended the present action. But, as the installments had matured and become due upon the bond on the first days of December and January preceding the making of the stipulation, and that in no way related to any thing but the mortgage debt itself, it seems to be reasonably clear that no such extension as would discharge these sureties, was in any form provided for. They became sureties for the payment of what was deemed a reasonable rent for the occupation of the premises while the foreclosure suit was pending, because the property was deemed an inadequate security for the debt, and their liability had become fixed before the stipulation was made, and by nothing contained in it was their principal to have indulgence or further time, for the payment of either of the installments on which the recovery was had. They were at liberty at any time to pay up

the installments and proceed against their principal for their reimbursement. There was nothing in the stipulation in any form interfering with the exercise of that right; and to discharge sureties the extension must be of such a nature, as in some form would prevent that from being done. It is only where the agreement can be attended with such a result, that sureties have been held to be discharged from their obligation by means of it. (*Billington* v. *Wagoner*, 33 N. Y., 31–33.)

Both the principal and his sureties were in the same situation as to this debt after, as they were before the stipulation was entered into. It merely provided a time before which judgment should not be taken for the mortgage debt, and neither expressly nor impliedly referred in any manner to the bond, or the payments which had matured at that time upon it, and for which the judgment was recovered. No defense was established in the case, and the court was right in directing a verdict for the plaintiffs. The judgment should be affirmed.

DAVIS, P. J., and BRADY, J., concurred

Judgment affirmed.